SEPT. TERM 1839.

Church
vs,
Bridgman and wife.

---

## FRASIER VS. THE STATE.

Indictment under the 7th sect of the act concerning grocers, (R. C, 18-35, p. 292,) first count charged that the def., exercising the trade and business of a grocer, did then and there sell spiritous liquors to divers slaves &c., second count, that defendant had been and was regularly licensed to exercise the trade and business of a grocer &c. Held that under the indictment, it was necessary for the state to prove that defendant was a grocer, or acted as grocer, and the time of selling, as the offence of selling liquor to a slave without permit from his master by an unlicensed grocer, or a person who does not keep a grocery, is a different offence from the one charged in the indictment and the punishment is different.

Opinion of the Court delivered by Napton Judge.

The appellant was indicted in St. Genevive county, for selling spiritous liquors to a slave without the permit in writing from his master; under the 7th section of the act concerning grocers. The indictment after laying the venue, charged that defendant "exercising the trade and business of a grocer, did then and there, sell spiritous liquors to divers slaves, to the jurors aforesaid unknown, without a permit in writing from the owner or possessor of such slaves, for that purposes first had and obtanied according to law to the evil example &c."

The second count charged that defendant had been, and was regularly licensed to exercise the trade and business of a grocer, and then and there bring licensed to trade, and exercise the business of a grocer; as aforesaid did then and there sell spiritous liquors to a slave, the property of and

SEPT. TERM
1839.

Frasier
vs.
the State.

belonging to one widow Larose, at the county aforesaid without any permit in writing from the said wid ow Larose, the owner and possessor of the said slave, first had and obtained, to warrant and authorise the said Frasier to sell spiritous liquors to the said slave.

There was a verdict against the defendant and judgment for fifteen dollars. It was proved on the trial that defendant sold to a slave, the property of Mrs. Larose, some whiskey, for which he received pay from said slave, and there was no other evidence.

A motion was made for a new trial because the verdict was against the evidence, which was overruled, and a motion in arrest, which was also overruled.

Indictment under the 7th sec of the act concerning grocers, (R. C. 1835; p. 292.) First count charges that def. "exercising the trade and business of a grocer, did then and there, sell spiritous liquors to divers slavs &c. second count, that deft. had been and was regularly licensed to exercise the trade and business of a grocer &c. Held that under this indictment, it was necessary for the state to prove that def. was a grocer, or acted as a grocer, at the time of selling, as the offence of selling liquor to a slave without

Both counts in this indictment charge the defendant as a grocer, and one count charges him as a licensed grocer: there was no proof that he acted as a licensed grocer at all; the offence of selling liquor to a slave, without a permit from his master, by an unlicensed grocer, or a person who does not keep a grocer, is a different offence from the one charged in this indictment, and the punishment is different. The verdict of the jury for fifteen dollars, and the judgment in pursuance thereof, prove plainly that the offence charged and punished, was for selling as a grocer; there is clearly a variance between the proof and the indictment, one of the essential engredients of the offence was not proved.

The act in force at the time of finding this indictment, declared what constituted a grocer, one who deals in the selling of wines &c., and one who "deals in the selling of goods &c."

No inference could be drawn, from a single act of selling a single pint of whiskey, that the vender was a grocer. If the offence was equally prohibited in grocers and all others, the averment in the indictment, that defendant was a grocer, might perhaps be regarded as surplusage, and the verdict be well sustained. But this is not the case, there is one penalty imposed on grocers, who are licensed, and another, and higher punishment, inflicted on unlicensed grocers, and persons not exercising the trade or business of a grocer. Supposing the description in the first count, that

defendant was a grocer, to be rejected as surplus age, the verdict of the jury for fifteen dollars' could not be applicable to that count, because the minimum penalty inflicted by the statute, on such venders of liquors, is twenty dollars.

Frasier
vs.
the State.

The second count was not sustained by the evidence, for there was no proof that he had a license, because that was a matter of defence, more proper to be set up by himself, and which he might easily establish in mitigation of the offence; but it was easy to prove that he "dealt in the selling" of liquor &c., and this was not done. The judgment of the circuit court is reversed.

permit from his master by an unlicensed grocer, or a person who does not keep a grocery, is a different offence from the one charged in the indictment, and the punishment is different.

### Cole for Appellant:

1. The circuit court erred, in overruling the motion in arrest of judgment, for the following reasons. The indictment counts upon two distinct offences, with different punishments, the judgment and finding of the jury are general, this is a misjoinder and therefore erroneous.

2. The circuit court erred in overruling the motion for a new trial, because the evidence does not maintain the indictment. In order to convict on either count of this indictment it was necessary for the state to prove the material facts, the constituents of the offence as alleged; this has not been done; there was no proof that defendant was a licensed grocer, this was a material fact, and wholly omitted on the part of the state.

### Brickey for the State.

1. Is there a misjoinder of counts in the indictment?

2. Was the state bound to prove that the defendant was a regular licensed grocer, having charged him so in the indictment?